UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOVAN A. TORBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-cv-3167 |
| JACK CAMPBELL, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### MERIT REVIEW ORDER

Plaintiff Jovan Torbert, proceeding *pro se* and currently incarcerated at Dixon Correctional Center, filed an Amended Complaint under 42 U.S.C. § 1983 based on events that occurred at the Sangamon County Jail ("Jail") in February 2022 through January 2023. (Doc. 14). This case is now before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. The Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff files suit against Advanced Correctional Healthcare, Dr. Duran, Sheriff Jack Campbell, Superintendent Larry Beck, Assistant Superintendent Bill Smith, Correctional Officers

1

John Nielson, Matthew Dibbler, Gary Puls, and Jeremy Ball, RN Jennifer, LPNs Amy and Isabella Fisher, and the Sangamon County Jail.

Plaintiff's Amended Complaint, which consists of 189 numbered paragraphs, contains factual allegations about different Defendants scattered throughout. (Doc. 14 at pp. 7-27). This type of narrative fails to comply with Federal Rule of Civil Procedure 8(a)(2), which provides that a pleading must contain a short and plain statement showing that the pleader is entitled to the relief sought. Plaintiff's Amended Complaint is neither short nor plain and fails to provide effective notice of the claims potentially asserted against multiple Defendants. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). It also places an unreasonable burden on the Court to parse such a lengthy handwritten narrative to determine which claims, if any, have merit. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention.").

Plaintiff's Amended Complaint includes, *inter alia*, claims against Defendants Campbell and the Sangamon County Jail for alleged violations of the Americans with Disabilities Act and the Rehabilitation Act, a claim against medical staff based on unsanitary conditions and the denial of physical therapy, and a claim against Sheriff's staff involving an incident on June 17, 2022, when Plaintiff was dropped to the floor and severely injured. These claims are not properly joined in the same lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas*, 706 F.3d at 846 (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680,

2

683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 8, 18, and 20. The Court will allow Plaintiff a FINAL opportunity to file a Second Amended Complaint. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 8, 18, and 20. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days from the entry of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Second Amended Complaint, or if it fails to state a claim for relief, his case will be dismissed with prejudice.**

ENTERED: 2/27/2025

                                                            s/ James E. Shadid
                                                            James E. Shadid
                                                            United States District Judge